UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                                            :
                                            :
HECTOR NEWELL,                              :
                                            :
                            Plaintiff,      :
                                            :
            -against-                       :
                                            :
RYOBI TECHNOLOGIES, INC.;                   :
TECHTRONIC INDUSTRIES NORTH                 :
AMERICA, INC.; and THE HOME DEPOT,          :
                                            :
                            Defendants.     :
                                            :
                                            :
-----------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  8/3/2015

1:13-cv-8129-GHW

<u>MEMORANDUM OPINION</u>

<u>AND ORDER</u>

GREGORY H. WOODS, United States District Judge:

## I.    INTRODUCTION

Plaintiff Hector Newell seeks damages stemming from an injury he suffered when using a circular saw manufactured by defendant Ryobi and sold by defendant Home Depot.  On October 9, 2010, Mr. Newell was using the saw to cut pieces of wood.  He held the saw in his right hand, steadying the piece of wood he was cutting with his left hand.  Mr. Newell claims the saw kicked back, causing it to slip and cut his left hand.

Before the Court are defendants' motions for partial summary judgment and to preclude the testimony of plaintiff's expert, Daniel Burdett.  For the reasons outlined below, defendants' motion for partial summary judgment is DENIED.  Because it is not necessary to decide the motion to preclude Mr. Burdett in order to resolve the motion for partial summary judgment, the Court denies that motion without prejudice.  If they choose, defendants may reassert the motion to preclude before trial, as a motion *in limine*, without the necessity of additional briefing.

II.     BACKGROUND

    **A. Procedural History**

Plaintiff originally filed this case in state court on September 11, 2013.  On November 14, 2013, before the other defendants had been served, Home Depot removed the case to this Court on the basis of this Court's diversity jurisdiction.  *See* Notice of Removal, Dkt. No. 1.   Home Depot filed an answer shortly thereafter, on November 18, 2013, and the other two defendants filed an answer on December 9, 2013.

At the close of discovery, defendants filed a motion for partial summary judgment, seeking to dismiss plaintiff's claim based on a failure to warn, and a motion to preclude the testimony of plaintiff's expert.

    **B. Facts**[1]

Mr. Newell was born in Jamaica on April 30, 1942.  Around the age of 20, he started doing masonry and carpentry work in Jamaica.  He used power tools, such as circular saws, in his carpentry work.  According to his deposition testimony, Mr. Newell came to live in the United States at least 10 years ago.  *See id.* at 27-28.  Since moving to the United States, Mr. Newell has done some masonry work, for which he did not use power tools.  *Id.* at 25, 39.  Although he has occasionally done carpentry work in the United States as well, he did not use power tools for that work either. *Id.* at 40-41.  Mr. Newell is currently retired and has been for "a long time."  *Id.* at 43.

Mr. Newell's formal education in Jamaica ended in fifth grade.  He testified that in Jamaica there are "schools" to educate people about how to use power tools, but he never attended one.  *Id.*

---

[1] Except where otherwise noted, facts are taken from the parties' Local Rule 56.1 Statements.  *See* Dkt. Nos. 46, 59 (starting at page 17), and 62-1.  Neither side fully complied with the Court's Individual Rule 3(E)(ii), which requires each party to "reproduce each statement in the [other] party's 56.1 Statement and set out [their] response directly beneath each statement."  In addition, defendants' response to plaintiff's 56.1 Statement did not comply with Local Rule 56.1(d), which requires that "[e]ach statement . . . must be followed by citation to evidence which would be admissible . . . ."  The Court nonetheless took the time to compare the three separate statements and glean the relevant undisputed facts from the parties' submissions, as well as the evidence accompanying those submissions.  The Court expects that the parties will fully comply with its Individual Rules in preparing for and carrying out the anticipated trial in this case.

at 27-28.  The parties dispute whether Mr. Newell can read English.  The following exchange took

place during his deposition:

> Q:  To what extent can you read English?
> A:  (No response.)
> Q:  Can you read English well?
> A:  No.
> Q:  Can you read English at all?
> A:  At all?
> Q:  At all.
> A:  (No response.)
> Q:  A little bit of English can you read?
> A:  Yeah.

*Id.* at 77.  The parties also dispute whether Mr. Newell was aware of the risks associated with

operating the saw.  During his deposition, Mr. Newell answered "Yeah" in response to defense

counsel's question "You knew back in Jamaica that a circular saw could cut your hand if you were

not careful, correct?"  *Id.* at 15.  Mr. Newell had never been hurt using a circular saw before this

incident.

 The accident at issue occurred on October 9, 2010, when Mr. Newell was using a Ryobi

Model CSB133L 7 ¼ inch (184 mm) circular saw to cut wood.  Mr. Newell and his landlord had

purchased the saw a few days earlier at the Home Depot on Gun Hill Road in the Bronx.  Mr.

Newell said in his deposition that he was the first person to use the saw after the purchase.  *See*

Newell Deposition, Dkt. No. 59-1, at p. 59.  When he first took the saw out of the box, Mr. Newell

remembers seeing papers in the box—perhaps an instruction manual—but he did not read the

papers and instead threw them away.  *Id.* at 59-60.

 The day of the accident, Mr. Newell was in his yard, cutting four large pieces of wood to use

in building a cabinet.  He marked each piece with a chalk line to indicate where he would cut them.

For each cut, he started out holding the saw with two hands, but ended the cut holding the saw only

with his right hand, using his left hand to steady the back portion of the wood so it wouldn't fall.  In

his deposition, Mr. Newell said that this procedure is consistent with how he used a circular saw in

3

Jamaica when he was younger. *See id.* at 18. While cutting the fourth and final piece of wood, Mr. Newell shut off the saw to readjust the piece, and he testified that when he turned the saw back on, it "kicked back," which he described as "[i]t bucked, it stopped, it kicked right up." *Id.* at 69-71. He said this caused the saw to cut his left hand, which was positioned on the back end of the piece of wood, in the path of the saw blade. *Id.* at 71.

## III.   SUMMARY JUDGMENT STANDARD

Defendants are entitled to summary judgment on a claim if they can "show[ ] that there is no genuine dispute as to any material fact and [they are] entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) ("[S]ummary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" (quoting former Fed. R. Civ. P. 56(c))). A genuine dispute exists where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," while a fact is material if it "might affect the outcome of the suit under governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

To defeat a motion for summary judgment, plaintiff "must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting former Fed. R. Civ. P. 56(e)). "[M]ere speculation or conjecture as to the true nature of the facts" will not suffice. *Hicks v. Baines*, 593 F.3d 159, 166 (2d Cir. 2010) (citations and internal quotations omitted). Plaintiff "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita,* 475 U.S. at 586.

In determining whether there exists a genuine dispute as to a material fact, the Court is "required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Johnson v. Killian*, 680 F.3d 234, 236 (2d Cir. 2012)

(citing *Terry v. Ashcroft,* 336 F.3d 128, 137 (2d Cir. 2003)).  The Court's job is not to "weigh the evidence or resolve issues of fact."  *Lucente v. Int'l Bus. Machines Corp.,* 310 F.3d 243, 254 (2d Cir. 2002).  Rather, the Court must decide whether a rational juror could find in favor of the plaintiff.  *Id.*

## IV.    ANALYSIS

Under New York law, "[a] plaintiff may recover in strict products liability for the manufacturer's failure to warn of the risks and dangers associated with the use of its product.  That duty generally extends to warning ultimate consumers of the dangers resulting from the foreseeable use of the product."  *Urena v. Biro Mfg. Co.,* 114 F.3d 359, 365-66 (2d Cir. 1997) (internal citations omitted).  Manufacturers have a duty to warn against "latent dangers resulting from foreseeable uses of its product of which it knew or should have known," and "the danger of unintended uses of a product provided these uses are reasonably foreseeable."  *Liriano v. Hobart Corp.,* 92 N.Y.2d 232, 237 (1998).  "Failure-to-warn liability is intensely fact-specific, including but not limited to such issues as feasibility and difficulty of issuing warnings in the circumstances; obviousness of the risk from actual use of the product; knowledge of the particular product user; and proximate cause."  *Id.* at 243 (internal reference omitted).

### A.  Adequacy of Warnings

"The adequacy of the instruction or warning is generally a question of fact to be determined at trial and is not ordinarily susceptible to the drastic remedy of summary judgment."  *Urena,* 114 F.3d at 365-66 (quoting *Beyrle v. Finneron,* 199 A.D.2d 1022, 1023 (4th Dep't 1993)); *see also, e.g., Johnson v. Delta Int'l Mach. Corp.,* 60 A.D.3d 1307, 1309 (4th Dep't 2009) ("Generally, the adequacy of the warning in a products liability case based on failure to warn is, in all but the most unusual circumstances, a question of fact to be determined at trial."); *Arbaiza v. Delta Int'l Mach. Corp.,* No. 96-cv-1224 (RJD), 1998 WL 846773, at *7 (E.D.N.Y. Oct. 5, 1998) ("The case law suggests strongly

that the question of whether a particular warning was adequate is a question of fact that should be

left to the jury.") (collecting cases).  As the New York Court of Appeals has held:

> The nature of the warning to be given and to whom it should be given
> . . . turn upon a number of factors, including the harm that may result
> from use of the product without notice, the reliability and any possible
> adverse interest of the person, if other than the user, to whom notice
> is given, the burden on the manufacturer or vendor involved in
> locating the persons to whom notice is required to be given, the
> attention which it can be expected a notice in the form given will
> receive from the recipient, the kind of product involved and the
> number manufactured or sold, and the steps taken, other than the
> giving of notice, to correct the problem. . . . Generally, the issue will
> be one of fact for the jury[,] whose function will be to assess the
> reasonableness of the steps taken by the manufacturer or vendor in
> light of the evidence concerning the factors listed above presented in
> the particular case, as well as any expert testimony adduced on the
> question.

*Cover v. Cohen*, 61 N.Y.2d 261, 276-77 (1984) (internal citations omitted).

A plaintiff may challenge the adequacy of a warning by asserting that the language and/or

the presentation of the warnings was inadequate.  *See Cuntan v. Hitachi KOKI USA, Ltd.*, No. 06-cv-

3898 (RRM) (CLP), 2009 WL 3334364, at *13 (E.D.N.Y. Oct. 15, 2009) (citing *Johnson v. Johnson*

*Chem. Co., Inc.,* 183 A.D.2d 64, 70 (2d Dep't 1992)).  A plaintiff must also show that an allegedly

inadequate warning was a proximate cause of her injury.  *See, e.g., Bee v. Novartis Pharm. Corp.*, 18 F.

Supp. 3d 268, 282-83 (E.D.N.Y. 2014) (citing *Becker v. Schwartz,* 46 N.Y.2d 401, 410 (1978)); *Ferracane*

*v. United States*, No. 02-cv-1037 (SLT), 2007 WL 316570, at *6 (E.D.N.Y. Jan. 30, 2007) (citing

*Howard v. Poseidon Pools, Inc.,* 72 N.Y.2d 972, 974 (1988)); *Kerr v. Koemm*, 557 F. Supp. 283, 286

(S.D.N.Y. 1983) (citing *Torrogrossa v. Towmotor Co.,* 44 N.Y.2d 709 (1978)).

"In considering the adequacy of a warning label, a jury may consider factors such as its

location and conspicuousness," as well as "the font style and text size of the warning."  *Cuntan*, 2009

WL 3334364, at *13 (internal citations omitted).  Here, plaintiff alleges that the presentation of the

warnings on the saw were inadequate because they did not include pictures or symbols sufficient to

make the dangers clear to a user who cannot read.  Defendants argue that the written warnings in the instruction manual and on the saw itself adequately warned of the danger, and that plaintiff's accident would not have occurred if he had read and followed those written warnings.

The parties dispute Mr. Newell's ability to read English.  They dispute whether the symbols in the manual were adequate and whether more, different, or differently-colored symbols should have been used.  They also dispute whether warnings depicted with symbols would have made a difference in Mr. Newell's actions.

The mere existence of the warnings identified by defendants is insufficient for the Court to decide that, as a matter of law, defendants discharged their duty to warn.  The Court finds no circumstances which it would classify as "the most unusual."  *See Johnson*, 60 A.D.3d at 1309. Instead there are questions of fact which make summary judgment inappropriate.  It is for the jury to decide, taking into account all the factors listed above, whether the warnings were adequate given the circumstances of this case.

### B.  Defenses to Failure to Warn

New York law recognizes two defenses to a failure to warn claim—situations in which a manufacturer is relieved of liability for failing to warn because the failure was not a proximate cause of the injury:  (1) those involving hazards that are "patently dangerous or pose open and obvious risks"; and (2) "where the injured party was fully aware of the hazard through general knowledge, observation or common sense, or participated in the removal of the safety device whose purpose is obvious."  *Liriano v. Hobart Corp.*, 92 N.Y.2d 232, 241 (1998); *Colon ex rel. Molina v. BIC USA, Inc.*, 199 F. Supp. 2d 53, 85 (S.D.N.Y. 2001) ("In duty to warn cases, New York recognizes two circumstances that preclude a finding of proximate cause between warning and accident: obviousness and knowledgeable user." (quoting *Hutton v. Globe Hoist Co.,* 158 F.Supp.2d 371, 376 (S.D.N.Y. 2001)).

###### i.   *Open and Obvious Danger*

New York courts have recognized that there is a "limited class of hazards [which] need not be warned of as a matter of law because they are patently dangerous or pose open and obvious risks." *Liriano*, 92 N.Y.2d at 241.  The so-called "open and obvious" defense applies "when a warning would have added nothing to the user's appreciation of the danger, [thus] no duty to warn exists as no benefit would be gained by requiring a warning."  *Id.* at 242.  The defense "generally should not apply when there are aspects of the hazard which are concealed or not reasonably apparent to the user."  *Id.*

Determining whether the open and obvious defense applies is a highly fact-specific task, and "in close cases it is easy to disagree about whether a particular risk is obvious."  *Id.*  This "renders bright-line pronouncements difficult" and makes it hard for courts to "set a standard for obviousness that is neither under—nor over—inclusive."  *Id.*  Thus, "whether a danger is open and obvious is most often a jury question."  *Id.*; *cf. Porrazzo v. Bumble Bee Foods, LLC*, 822 F. Supp. 2d 406, 418 (S.D.N.Y. 2011) ("Whether a danger is in fact common knowledge among the public is ordinarily a question of fact that cannot be resolved at the motion to dismiss stage.") (collecting cases).

Defendants cite to *Lamb v. Kysor Indus. Corp.*, in which the court found that the danger of "placing [one's] fingers in the path of an automatically traversing and rapidly spinning saw blade" was open and obvious.  305 A.D.2d 1083, 1084 (4th Dep't 2003).  But courts have not interpreted *Lamb* to mean that the full extent of the danger of a spinning saw blade is always open and obvious as a matter of law.  *See Johnson*, 60 A.D.3d at 1308-09 (danger of a "rapidly rotating saw" was not open and obvious where plaintiff was not an experienced user and was unaware that the safety guard had been removed).  In addition, the saw at issue in *Lamb* was a "bridge saw," described in the parties' briefs in that case as being "equipped with a rotating blade that is mounted on a track that

8

traverses from side to side across a table on which the material to be cut is positioned by an operator."[2]  Brief for Defendants-Appellants at 3, *Lamb v. Kysor Indus. Corp.*, 305 A.D.2d 1083 (4th Dep't 2003), 2002 WL 34369433, at *3 (citations to record omitted).  While the saw at issue here presumably had a "rapidly spinning blade," there is no evidence that it was "automatically traversing" like the bridge saw blade in *Lamb*.  To the contrary, Mr. Newell's saw is a handheld circular saw, which the user turns on and off using a "switch trigger."  *See* Operator's Manual, Dkt. No. 48-8, at p. 14.  Thus, the Court cannot conclude on the basis of the evidence presented that the danger posed by the saw was open and obvious as a matter of law.

In any event, "to prevail at the summary judgment phase, it is insufficient for a defendant to simply establish that a product is, in a general sense, dangerous to use, even if this general danger is clear and well-known."  *Cuntan*, 2009 WL 3334364, at *12 (citing *Urena v. Biro Mfg. Co.,* 114 F.3d at 366).  There may well be aspects of the specific hazard at issue "which a jury could reasonably find were concealed or not reasonably apparent to plaintiff."  *Brady v. Dunlop Tire Corp.*, 275 A.D.2d 503, 504 (3d Dep't 2000).  Defendants seem to miss this point in their papers, as they argue only that the "hazards associated with a revolving saw blade are open and obvious."  Defendants' Memorandum of Law, Dkt. No. 49, at p. 7.  Defendants have not demonstrated, or even argued, that the risk of the specific hazards presented by operating the saw with only one hand—as Mr. Newell was doing—were open and obvious as a matter of law.  They do nothing more than point out that saws are "in a general sense, dangerous to use," which is insufficient for summary judgment.  *See Cuntan*, 2009 WL 3334364, at *12.

---

[2] Plaintiffs-Respondents describe it similarly:  "The . . . saw that plaintiff was operating at the time of the accident is equipped with a large rotating blade that is mounted on a track that traverses from side to side across a table on which material is cut."  Brief for Plaintiffs-Respondents at 3, *Lamb v. Kysor Indus. Corp.*, 305 A.D.2d 1083 (4th Dep't 2003), 2003 WL 25680875, at *3.

### ii. *Knowledgeable User*

New York courts have also recognized that in cases "where the injured party was fully aware of the hazard through general knowledge, observation or common sense, or participated in the removal of the safety device whose purpose is obvious," "courts could as a matter of law decide that a manufacturer's warning would have been superfluous given an injured party's actual knowledge of the specific hazard that caused the injury." *Liriano*, 92 N.Y.2d at 241.

"The knowledgeable user exception involves a subjective test: whether the particular user was aware of the danger." *Kerr v. Koemm*, 557 F. Supp. 283, 286-87 (S.D.N.Y. 1983) (citing *McDaniel v. Williams*, 23 A.D.2d 729 (1st Dep't 1965); *Rosebrock v. General Electric*, 236 N.Y. 227 (1923)). In cases "where reasonable minds might disagree as to the extent of plaintiff's knowledge of the hazard, the question is one for the jury." *Liriano*, 92 N.Y.2d at 241.

To qualify as a knowledgeable user, plaintiff must be *actually* aware of the *specific* hazard that caused his injury. *See Ferracane v. United States*, No. 02-cv-1037 (SLT), 2007 WL 316570, at *7 (E.D.N.Y. Jan. 30, 2007) ("[T]he knowledgeable user exception applies only where the user is actually aware of the precise danger involved."); *Brady*, 275 A.D.2d at 505 ("The subjective knowledge envisioned by the *Liriano* case is the injured party's *actual knowledge of the specific hazard* that caused the injury."). Plaintiff "must also be aware of the severity of the potential harm." *Ferracane*, 2007 WL 316570, at *7 (citing *Billiar v. Minnesota Min. & Mfg. Co.*, 623 F.2d 240, 244 (2d Cir. 1980)).

Here, plaintiff has raised questions of fact regarding how much experience Mr. Newell has with power tools, how recent that experience was, whether that experience was in the United States or only in Jamaica, and how much that matters to his knowledge of the danger at issue. Plaintiff's expert admits that he did not consider plaintiff a "novice," but that is a far cry from being a knowledgeable user who is aware of both the danger of his actions and the potential severity of the risk he was taking with only one hand on the saw. Plaintiff's deposition testimony that he used saws

in a similar manner in Jamaica also raises questions of fact regarding his appreciation of the risks involved.  Given these questions of fact, the Court finds that "reasonable minds might disagree as to the extent of plaintiff's knowledge of the hazard," therefore this is a question for the jury.  *See Liriano*, 92 N.Y.2d at 241.

Because the Court finds defendants have not discharged their duty to warn, and they are not relieved of that duty by virtue of an open and obvious danger or a plaintiff who is a knowledgeable user, defendants' motion for summary judgment on plaintiff's failure to warn claim is DENIED.

### V.   CONCLUSION

For the reasons set forth above, defendants' motion for partial summary judgment is DENIED.  A jury trial in this case will begin at 9:00 a.m. on Monday, November 16, 2015.  The parties must submit a joint pretrial order and the other pretrial materials outlined in the Court's Individual Rule 5 no later than October 12, 2015.

Any motions *in limine* must also be filed by October 12, 2015.  As outlined in the Court's Individual Rule 5(B)(i), if any motions *in limine* are filed, opposition papers are due within seven days, or by October 19, 2015; reply papers are due within four days of the date of service of the opposition papers, or no later than October 23, 2015.  Courtesy copies of motions *in limine* should be submitted when the motions are fully briefed; courtesy copies of all other trial materials are due when filed.

Defendants may reassert their motion to preclude plaintiff's expert witness when submitting their other pretrial materials.  To do so, they should file a notice of motion on ECF, directing the Court to the previously-filed supporting documentation.  No additional courtesy copies will be required.  If defendants choose to supplement or modify their submissions, they should do so on the schedule for motions *in limine* outlined above, and provide courtesy copies to the Court.

11

The Court will hold a pretrial conference on Monday, November 2, 2015 at 2:00 p.m. to discuss the parties' pretrial submissions and, if necessary, to hear oral argument and potentially rule on any motions *in limine.*

The Clerk of Court is directed to terminate the motions pending at docket numbers 45 and 50.

SO ORDERED.

Dated:  August 3, 2015
        New York, New York

_____
GREGORY H. WOODS
United States District Judge

12